```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


UNITED STATES OF AMERICA,    )
                             )
     Plaintiff               )
                             )
        v.                   )
                             )      1:09cr110(JCC)
DAVID CARPENTER,             )
                             )
     Defendant.              )
                             )
```

**M E M O R A N D U M   O P I N I O N**

The sentencing of Defendant David Carpenter ("Carpenter") was before the Court on July 24, 2009.

## I. Background

On March 13, 2009, Carpenter pled guilty to a criminal information charging him with conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Subsequently, Carpenter requested a downward departure under U.S.S.G. §§ 5H1.4 for extraordinary physical impairment. At the sentencing hearing on July 24, 2009, the Court, at one point, incorrectly sentenced defendant to five months' home detention with electronic monitoring when it intended to sentence him to twelve months. Hr'g Tr. 48, July 24, 2009. The Court subsequently referred to the correct length of the home detention at the end of the

1

hearing. Hr'g Tr. 57 ("Some people think that home detention, 12 months, is a lenient sentence. I'm going to tell you it's not . . . These are the reasons for the Court's sentence.") The judgment order was entered on the same date reflecting a sentence of twelve months' home detention with electronic monitoring, four years of supervised release, and a one hundred dollar special assessment.

## II. Analysis

Pursuant to the Federal Rules of Criminal Procedure 35(a), "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after sentencing. Fed. R. Crim. P. 35(a). "Sentencing" is defined as the "oral announcement of the sentence." Fed. R. Crim. P. 35(c). Whether the court acts on its own or on the suggestion of a party, the court may correct a clear sentencing error within seven days after the imposition of sentence. *United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2004) (recognizing the court's authority to amend a clear sentencing error *sua sponte* within seven days after the imposition of sentence). Because the prescribed seven-day period to correct the error is less than eleven days, intermediate Saturdays, Sundays and legal holidays are excluded from the calculation of this time period. Fed. R. Crim. P. 45(a). Thus, this Court has authority to timely

correct its erroneously-imposed sentence regarding Carpenter's home detention by August 4, 2009.  Fed. R. Crim. P. 45(a).

It is clear from the transcript of the hearing that the Court intended to sentence defendant to twelve months' of home detention with electronic monitoring and not five months.  Hr'g Tr. 57.  The judgment order entered in the case on the same date also clarifies that defendant is sentenced to twelve, not five, months' of home detention with electronic monitoring.  Dkt. 20.

### III. Conclusion

For the reasons stated herein, the Court will clarify any ambiguity that may have risen from the July 24, 2009 sentencing hearing.  The Court will correct Carpenter's sentence to be twelve months' home detention with electronic monitoring.  The other provisions of Carpenter's sentence imposed on July 24, 2009, which conforms with the judgment order issued on the same date, will remain in full force and effect.

An appropriate Order will issue.


August 4, 2009                              /s/
Alexandria, Virginia                James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE